**J. D. POWELL et al., Plaintiffs,**

v.

**INTERNATIONAL BROTHERHOOD OF PAINTERS & ALLIED TRADES et al., Defendants.**

**No. CIV-74-647-T.**

United States District Court,
W. D. Oklahoma.

April 1, 1976.

Claude E. Love and Ray R. Fulp, Jr., Oklahoma City, Okl., for plaintiffs.

George J. McCaffrey, of Lampkin, Wolfe, Burger, McCaffrey & Norman, Oklahoma City, Okl., for defendants.

MEMORANDUM OPINION AND ORDER

RALPH G. THOMPSON, District Judge.

Defendants have filed their motion for summary judgment and brief in support thereof alleging as their first proposition that plaintiffs fail to state a claim upon which relief can be granted. Plaintiffs have filed their response brief and defendants' motion is now at issue and ripe for disposition.

Plaintiffs allege that defendants are guilty of unfair labor practices, plaintiffs having been deprived of earnings contrary to 29 U.S.C. § 158(b)(4)(i), and that this Court has jurisdiction pursuant to 29 U.S.C. §§ 185 and 187.

It is uncontroverted that plaintiffs are members of International Brotherhood of Painters and Allied Trades, Local Union 650 (hereinafter referred to as Local 650) located in Lawton, Oklahoma; that plaintiffs were on May 28, 1974, employed by Charles Martin Painting Company of Oklahoma City (hereinafter referred to as the Martin Company) to paint a building in Lawton; that on May 15, 1974, the International Brotherhood of Painters and Allied Trades, Local Union 807 (hereinafter referred to as Local 807) of Oklahoma City went on strike against the Martin Company when its collective bargaining agreement expired; and that on May 28, 1974, plaintiffs discontinued their employment with the Martin Company, although there is a dispute as to the circumstances surrounding the discontinuance. Furthermore, it is undisputed that the Martin Company did not and could not enter into a collective bargaining agreement with Local 650 and that there was no dispute between Local 650 and the Martin Company, the labor dispute being confined to Local 807. It is also undisputed that subsequently another Oklahoma City painting contractor signed a "Letter of Intent" with Local 807, re-employed the plaintiffs, and completed the contract that the Martin Company had on the building.

Plaintiffs allege that defendants acting in concert conspired to prevent these plaintiffs from working at their trade and did violate section 303 of the National Labor Relations Act (29 U.S.C. § 187) which reads in part:

(a) It shall be unlawful, for the purpose of this section only, in an industry or activity affecting commerce, for any labor organization to engage in any activity or conduct defined as an unfair labor practice in section 158(b)(4) of this title.

Pertinent portions of 29 U.S.C. § 158(b)(4) are as follows:

(b) It shall be an unfair labor practice for a labor organization or its agents—

\*      \*      \*      \*      \*      \*

(4)(i) to engage in, or to induce or encourage any individual employed by any person engaged in commerce or in an industry affecting commerce to engage in, a strike or a refusal in the course of his employment to use, manufacture, process, transport, or otherwise handle or work on any goods, articles, materials, or commodities or to perform any services . . ., where in either case an object thereof is—

\*      \*      \*      \*      \*      \*

(B) forcing or requiring any person to cease using, selling, handling, transporting, or otherwise dealing in the products of any other producer, processor, or manufacturer, or to cease doing business with any other person, . . . *Provided,* That nothing contained in this clause (B) shall be construed to make unlawful, where not otherwise unlawful, any primary strike or primary picketing;

Defendants contend that assuming, arguendo, the validity of these allegations, there is no violation of 29 U.S.C. § 158(b)(4)(i)(B), in that this section prohibits only illegal secondary boycott activity. Defendants assert that the case at bar involves only a primary employer, which activity is expressly excepted in the proviso above.

Plaintiffs in their response brief specifically concur in the finding that this case does not involve a secondary boycott but argue that the stoppage caused by the conspiracy has the same effect, and that section 158 is not directed solely against secondary boycotts. However, this position is not congruous with the decision in *Price v. United Mine Workers of America*, 336 F.2d 771 (6th Cir. 1964), cert. denied 380 U.S. 913, 85 S.Ct. 899, 13 L.Ed.2d 799 (1965), wherein the Court held:

Section 303 provides a remedy only for damages to business or property caused by unlawful secondary activities. It affords no remedy for injuries to person. It does not apply to unlawful primary activities.

The United States Supreme Court in a 1967 opinion held:

National Woodwork Mfrs., supra, holds that collective activity by employees of the primary employer, the object of which is to affect the labor policies of that primary employer, and not engaged in for its effect elsewhere, is protected primary activity. "Congress was not concerned to protect primary employers against pressures by disinterested unions, but rather to protect disinterested employers against direct pressures by any union." *Houston Contractors Assn. v. NLRB*, 386 U.S. 664, 87 S.Ct. 1278, 18 L.Ed.2d 389 (1967). See *National Woodwork Mfrs. v. NLRB*, 386 U.S. 612, 87 S.Ct. 1250, 18 L.Ed.2d 357 (1967).

In the case at bar there are no allegations of pressure being exerted against a neutral employer for the purpose of pressuring a primary employer engaged in a labor dispute. On the contrary, there is only one employer, the Martin Company, which is intimately involved in the incident. Pressure, if any, was brought to bear only on this company and resulted from the labor dispute between it and Local 650's sister union, Local 807. Plaintiff has furnished no competent, controlling authority for the proposition that this instant activity is such as to be prohibited by section 158(b)(4) and the Court has found none. Accordingly, defendants' motion for summary judgment is sustained.